[No. 25149. Department Two. July 9, 1934.]

BERTHA ABRAHAM, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 34 P. (2d) 457.

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*F. M. O'Leary* and *Harry Ellsworth Foster,* for respondent.

TOLMAN, J.—This case was heard by the joint board and submitted to the trial court upon an agreed statement of facts, and therefore this appeal presents a question of law only.

The respondent is the widow of a deceased workman. In due course after the death of her husband, which occurred by reason of injuries received during the course of his employment, she was by the department allowed a pension of $42.50 per month, and a reserve fund, computed at $4,239.17, was set aside to provide therefor.

The award was made on April 15, 1931, the pension to date from January 4, 1931, and payments were regularly made thereafter to respondent up to April, 1933. At that time and under date of April 24, 1933, the department, through its supervisor, made and served upon the respondent an order from which we quote:

"This claim coming on for consideration this date, it is found that in conformity with the decision of the Supreme Court in the case of *Carstens v. Department of Labor and Industries,* as filed on February 23, 1933, they hold in part as follows:

" 'We therefore hold that the service performed by the workman does not in and of itself bring him under the Act, but it must be a service performed for an employer who comes under the Act.'

"It is the opinion of the Attorney General that

claims of similar nature, previously allowed, should be immediately rejected and payments stopped.

"It is therefore ordered by the Supervisor of Industrial Insurance, in compliance with the findings of the Supreme Court and the opinion of the Attorney General, that all such claims be rejected and closed without further payments.

"Therefore, it is ordered that the claim of Bertha Abraham, widow of J. A. Abraham, be rejected and her name stricken from the pension roll, for the reason that at the time of the injury the deceased was not a workman in the employ of an employer whose work was within the jurisdiction of the Workmen's Compensation Act."

Upon receipt of this order, respondent made application for a rehearing before the joint board, which was had, and resulted in a ruling sustaining the order which we have quoted.

Thereafter, respondent appealed to the superior court, where the orders of the joint board and of the department were reversed and a judgment entered directing the department to reinstate respondent to all of her rights as a pensioner.

From that judgment, the department has appealed, and primarily urges that, under the decision in the *Carsten* case (*Carsten v. Department of Labor and Industries*, 172 Wash. 51, 19 P. (2d) 133), the department was without jurisdiction in the first instance to allow the pension; that its act in so doing was absolutely void, and therefore it acted within its rights in vacating and setting aside the order allowing the pension.

 Assuming that, under the rule announced in the *Carsten* case, the deceased workman was not injured while in the employ of an employer coming under the act and that the department might have so found,

still we think that is now wholly immaterial and beside the point.

Under the express terms of statutory law and in accord with its beneficial purposes, the department has original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a compensable injury has occurred. It is as much its duty in each case to determine whether the workman was within the protection of the act at the time of the injury as it is to determine the fact of injury and extent thereof. The facts as to the nature of the employment are a vital part of each inquiry, and must necessarily be determined before a result can be reached allowing the claim.

Since the department is the original and sole tribunal with power to so determine the facts, and its findings are reviewable only on appeal, it must follow that a judgment by it, resting upon a finding of fact that the workman was so employed at the time of injury as to be within the act, is final and conclusive upon the department and upon the claimant, unless set aside on an appeal authorized by the statute, or unless fraud, or something of like nature, which equity recognizes as sufficient to vacate a judgment, has intervened. Even in such cases, it would seem that the department would necessarily have to appeal to equity and give opportunity for a full inquiry before its judgment could be vacated.

It is conceded that there is no previous decision of this court bearing directly upon the question here involved. Many authorities from other courts are cited. Most of them in their reasoning support our views, but we think an analysis of them or a further discussion would tend to obscure rather than to clarify the con-

trolling principle, which is that the department cannot set aside its own judgment, based upon facts necessarily found by it, except upon the broad equitable principle of vitiating fraud.

The trial court allowed to respondent's attorney a fee of $450, which appellant urges is excessive. This seems to have been the first case involving this question to be tried. Others were known to be pending or contemplated. The subject was a new one, calling for an exhaustive search for authorities, certain to be litigated to the court of last resort, and was of supreme importance to the beneficiary. Under all of the circumstances, we cannot say that the allowance indicates an abuse of discretion.

The judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.