[No. 28886. Department One. February 15, 1943.]

ÉRNEST KNESTIS et al., Respondents, v. THE UNEMPLOY-
MENT COMPENSATION AND PLACEMENT
DIVISION, Appellant.[1]

The Attorney General, George W. Wilkins, and Frank W. Foley, Assistants, for appellant.

Ronald Moore, for respondents.

MILLARD, J.—During the year 1937, the copartnership of Knestis and Zavales, doing business as the Lotus cafe in Kelso, had at least eight employees for twenty. weeks or more, hence were liable employers under Rem. Rev. Stat. (Sup.), § 9998-108 [P. C. § 6233-311] (b), which provides for payment of unem-

[1]Reported in 134 P. (2d) 76.

ployment compensation assessments by an employing unit who employs one or more individuals for twenty weeks or more within either the current or preceding calendar year. The copartnership paid the assessments levied against them for 1937. Their employment record disclosed that in 1938 the copartnership did not have eight employees for twenty weeks or more. During the year 1938, the copartners' petition for termination of coverage as employers, effective January 1, 1939, was granted, upon a finding by the unemployment compensation and placement division that there were not twenty different weeks in the calendar year 1938 within which the petitioners employed eight or more individuals in employment subject to the unemployment compensation act. This termination of coverage was granted by the commissioner of the unemployment compensation and placement division pursuant to an opinion of the attorney general that Laws of 1937, chapter 162, p. 590, § 8(b) (amended in 1939 and now appearing as Rem. Rev. Stat. (Sup.), § 9998-108 (b) ) which reads as follows, should be construed to mean "employed eight or more individuals," instead of "one or more individuals":

"(b) Except as otherwise provided in subsection (c) of this section, an employing unit shall cease to be an employer subject to this act only as of the 1st day of January of any calendar year, if it files with the director prior to the 5th day of January of such year, a written application for termination of coverage, and he finds that there were no twenty different weeks within the preceding calendar year, within which such employing unit employed one or more individuals in employment subject to this act. For the purpose of this subsection, the two or more employing units mentioned in paragraph (2) or (3) or (4) of section 19 (f) shall be treated as a single employing unit."

On the theory that the commissioner erroneously exceeded his legal authority in granting the applica-

tion for termination of coverage, in view of *Shelton Hotel Co. v. Bates,* 4 Wn. (2d) 498, 104 P. (2d) 478, where we held that Laws of 1937, chapter 162, p. 590, § 8 (b) (quoted above), should be construed to mean "one or more individuals," the commissioner sought to vacate the order.

In 1940, the copartners again became liable employers, having eight employees in their employment for twenty weeks or more. Assessments were levied and paid accordingly since that time.

A notice of assessment was served upon the copartners July 31, 1941, in which it was alleged that, from January 1, 1937, through December 31, 1940, certain additional contributions with interest were delinquent and payment therefor was demanded. The assessment was bottomed upon the theory that one Harry S. Hill, an accountant, was an employee within the meaning of Laws of 1937, chapter 162, p. 610, § 19 (f) (5), and had not theretofore been reported as an employee. The copartners contended that Hill was not an employee; and, also, that they had been released from liability in 1939. Hearing was had to the appeal tribunal of the unemployment compensation and placement division, which concluded that Hill was an employee, and that the termination of coverage in 1939 was a nullity because of a misconstruction of § 8 (b) (quoted above) by the commissioner, leading to the release. The copartners appealed therefrom to the commissioner, who reversed the appeal tribunal's holding that Hill was an employee, but sustained the finding that the release of respondents from liability for the year 1939 was a nullity.

From the order of the commissioner in consonance with the foregoing, the copartners appealed to the superior court for Cowlitz county. The trial court expressed the view that the decision of the commis-

sioner, terminating coverage in the absence of an appeal therefrom, became final thirty days after the date of notification under Laws of 1937, chapter 162, p. 585, § 6 (h), which provides that any decision of the commissioner or appeal tribunal, in the absence of an appeal therefrom, shall become final thirty days after the date of notification or mailing thereof. From the judgment entered reversing the decision of the commissioner and relieving the copartners of the payment of assessments for the year 1939, the unemployment compensation and placement division has appealed.

Counsel for appellant insist that the release of respondents by the commissioner was absolutely void, and, as the respondents were thereby relieved from payment of taxes due and owing to the state, the rule of *res adjudicata* is inapplicable, as a state can not be estopped by the unauthorized acts of its officers. In other words, argue counsel for appellant, the commissioner exceeded the termination of liability authority granted him by § 8 (b), as the release was predicated upon a finding that there were not twenty different weeks within the preceding calendar year within which respondents employed eight or more persons; whereas, in fact, the commissioner's only authority, under § 8 (b), to terminate coverage was upon a finding that there were not twenty different weeks within which such employing unit employed one or more persons.

[1] The unemployment compensation and placement division has, as has the department of labor and industries, under the express terms of statutory law, original and exclusive jurisdiction in all cases where claims are presented to determine the mixed question of law and fact as to whether one is a liable employer, whether employees are entitled to unemployment com-

pensation, and whether, in the case of the department of labor and industries, a compensable injury has occurred.

█ Appellant's determination that respondents were not liable employers during the year 1939 and were entitled to termination of coverage, is final and conclusive upon appellant and respondents, unless set aside on an appeal authorized by the statute, or unless fraud, or something of like nature, which equity recognizes as sufficient to vacate a judgment, has intervened.

The argument of counsel for appellant, that the statutory (Rem. Rev. Stat. (Sup.), § 9998-106 [P. C. § 6233-306] (h) ) provision that any decision of appellant in the absence of an appeal therefrom shall become final thirty days after date of notification is inapplicable, in view of the fact that appellant cannot appeal from its own decision, is not apt. The question is not one of appealability, but finality of the commissioner's decision terminating coverage of respondents for year 1939. The determinative factor is not whether the commissioner has the right of appeal, but is if and when appellant's decision becomes final.

The department of labor and industries cannot appeal from its own decision. A determination by that department that an injured workman is so employed as to be within the protection of the workmen's compensation act at the time of injury is final, and the department is without power to set aside that decision.

In *Abraham v. Department of Labor & Industries,* 178 Wash. 160, 34 P. (2d) 457, the widow of a deceased workman was awarded a pension and a reserve fund in excess of four thousand dollars was set aside to provide therefor. Under that award, the widow received regular monthly payments from January 4, 1931, to April, 1933. The supervisor of the department of labor and industries made an order April 24, 1933, which he

served upon the widow, to the effect that, in view of our opinion in *Carsten v. Department of Labor & Industries,* 172 Wash. 51, 19 P. (2d) 133, her deceased husband was not performing services at the time of his death which would entitle his widow to a pension, therefore her name was stricken from the pension roll. The department argued in that case, as counsel for appellant argue in the case at bar, that the department was without jurisdiction in the first instance to make the decision to enter the order later challenged; that its act in so doing was absolutely void, and therefore it acted within its rights in vacating and setting aside the order. On appeal of the widow to the superior court, the department was reversed, and, on appeal to this court by the department, the judgment of the superior court, directing the department to reinstate the respondent to all of her rights as a pensioner, was affirmed. We said:

"Under the express terms of statutory law and in accord with its beneficial purposes, the department has original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a compensable injury has occurred. It is as much its duty in each case to determine whether the workman was within the protection of the act at the time of the injury as it is to determine the fact of injury and extent thereof. The facts as to the nature of the employment are a vital part of each inquiry, and must necessarily be determined before a result can be reached allowing the claim.

"Since the department is the original and sole tribunal with power to so determine the facts, and its findings are reviewable only on appeal, it must follow that a judgment by it, resting upon a finding of fact that the workman was so employed at the time of injury as to be within the act, is final and conclusive upon the department and upon the claimant, unless set aside on an appeal authorized by the statute, or unless

fraud, or something of like nature, which equity recognizes as sufficient to vacate a judgment, has intervened. Even in such cases, it would seem that the department would necessarily have to appeal to equity and give opportunity for a full inquiry before its judgment could be vacated."

See, also, *Powell v. Department of Labor & Industries,* 178 Wash. 699, 34 P. (2d) 459; *Kloeppel v. Department of Labor & Industries,* 178 Wash. 699, 34 P. (2d) 459; and *Luton v. Department of Labor & Industries,* 183 Wash. 105, 48 P. (2d) 199, which are to the effect that the department cannot set aside its own judgment after time for appeal therefrom has expired, based upon facts necessarily found by it, except upon the broad equitable principle of vitiating fraud. Compare *Kuhnle v. Department of Labor & Industries,* 15 Wn. (2d) 427, 130 P. (2d) 1047, respecting the finality of an order from which no appeal is taken therefrom to the appeal tribunal of the department within the time limit.

The present commissioner of the division of unemployment compensation and placement and counsel now representing that division are not responsible for entry of the order terminating respondents' coverage for the year 1939, as they were not then with the division.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.