[No. 33657. Department Two. February 14, 1957.]

[Petition for rehearing granted May 29, 1957.]

ESTHER COOPER, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*F. W. Loomis*, for appellant.

*The Attorney General, John C. Martin, Assistant,* and *Clark W. Adams*, for respondents.

MALLERY, J.—Esther Cooper began to work for the Grays Harbor Chair Company in October, 1944. Early in 1945, she was assigned to work as an off-bearer from a planer, which was operated by electricity. On October 15, 1947, she collapsed while at work, but finished that day's shift. She did not work the remainder of the week. She nearly collapsed on the following Thursday, but was able to finish the day. She collapsed the next morning at her home and has not been able to work since.

On August 20, 1948, she filed a claim with the department of labor and industries. In her report of the accident, she alleged that she had received electrical shocks from the

[1]Reported in 307 P. (2d) 272.

planer and that, as a consequence, her heart had been affected and she had sustained serious injury.

On December 30, 1948, the supervisor of industrial insurance rejected her claim upon the ground that

". . . there is no proof of injury sustained in the course of employment. That claimant's condition is not the result of an industrial injury as defined by the Workmen's Compensation Act."

On February 14, 1949, she appealed to the joint board of the department of labor and industries, alleging total permanent disability from an injury sustained as a result of a series of static electrical shocks. The joint board had a hearing on her claim on June 1, 1949; held a conference as to it on January 30, 1952; held a further hearing on July 10, 1952; held conferences on September 16, 1953, and August 16, 1954; held a hearing November 19, 1954; and held the final hearing on December 13, 1954. It rendered its decision on May 10, 1955. It denied her claim, and she appealed to the superior court of Grays Harbor county on June 1, 1955.

The court granted defendants' motion for a judgment of dismissal upon the ground that there was insufficient evidence to sustain a judgment for the claimant. She appealed to this court on November 28, 1955.

The appellant contends the conditions in the plant and her shocks from static electricity, which were generated by the friction of pieces of wood rubbing on each other as they went through the planer she worked at, produced a condition which Dr. J. F. Steele diagnosed as neurocirculatory asthenia or anxiety neurosis. He testified:

"I feel that there is a causal relation there. That this person seemed over sensitive to electricity and *she had one shock after another*, and none of those probably were very high voltage or amperage, but they were enough to worry her to such an extent that it did affect her heart." (Italics ours.)

He further stated that he noticed the following objective symptoms from appellant's demeanor at the time of her single examination by him on May 1, 1952: She acted exhausted, tired, weak, and orthopnea; she was not able to

breathe well lying down; her breathing was forceful and rapid; her heart palpitated upon the slightest exertion; and that it was very apparent she was nervous by the noticeable tremor or trembling. Dr. Steele concluded that the repeated static electrical shocks brought on the neurocirculatory asthenia or nervous state of appellant, and that because of her circulatory condition she was totally disabled.

The most that can be said for appellant's claim is that her disability was caused by a *series* of static electrical shocks *extending over an indefinite period of time.* She made her claim upon the basis of an industrial injury, not an occupational disease, and still predicates her claim upon that ground in her appeal.

 The supervisor held that such a series of shocks did not constitute an industrial injury. We agree. RCW 51.08-.100 defines an injury as follows:

" 'Injury' means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without; an occupational disease; and such physical condition as results from either."

It is not contended that one single definite shock of static electricity could or would produce the effect upon the appellant of which she complains. Indeed, the diagosis of Dr. Steele is predicated upon "shock after shock" of static electricity over a period of time. Such a protracted series of incidents do not satisfy the requirement of the statute that an injury be a "sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result."

We have given appellant the benefit of the full deposition of Dr. Steele without any of the deletions made by the court to which assignments of error were directed. A nonsuit must be sustained when the court correctly finds from the entire record that no industrial injury was shown. In such a case, we do not reach appellant's other assignments of error.

The judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.

May 29, 1957. Petition for rehearing granted.