# WILLIAM F. BRIX v. GENERAL ACCIDENT & ASSURANCE CORPORATION.

93 N. W. (2d) 542.

November 28, 1958—No. 37,541.

*Joseph L. Bard* and *Chester A. Bruvold,* for appellant.

*R. W. Gislason* and *Cummins, Cummins, Hammond & Ames,* for respondent.

MATSON, JUSTICE.

Plaintiff appeals from a summary judgment granted to the defendant. We have only two questions: (1) Does an insurer under a standard

workmen's compensation policy have any liability to pay compensation to an employee when his employer has no liability to pay compensation under the Workmen's Compensation Act? (2) After the time for appeal has expired, is a decision of the Industrial Commission that accidental injuries did not arise out of the usual course of the trade, business, profession, or occupation of the employer a final adjudication on the merits which is res judicata and therefore not subject to collateral attack or relitigation in another proceeding?

Despite the fact that the Industrial Commission has determined that plaintiff's injuries were sustained in casual employment and did not arise in the usual course of the trade, business, profession, or occupation of his employer, plaintiff brings this action for disability benefits solely against defendant insurer to establish, under the terms of a standard Minnesota workmen's compensation policy, a direct liability of the insurer to the plaintiff *on the theory that such policy may be construed as a contract for the benefit of the plaintiff as a third-party beneficiary.*

Plaintiff's action neither purports to obtain an adjudication of any liability of the employer for common-law negligence, nor does it involve any question of a possible breach of contract by the employer for failure to furnish the sweeping type of accident insurance apparently called for by the alleged agreement of the parties. The action clearly accepts the workmen's compensation policy as it is without any request for its reformation.

Having in mind the specific purpose of plaintiff's action, we turn to the facts. In January 1953, plaintiff was employed by Harvey Wilensky to construct a recreation room in Wilensky's private home. Plaintiff is a Minneapolis fireman; Wilensky is a dealer in junked vehicles. Wilensky, pursuant to an agreement with plaintiff that he would obtain a policy of insurance so that if plaintiff was injured in the course of his employment *neither of them* would incur expenses and loss of time resulting therefrom, obtained a standard form workmen's compensation insurance policy from defendant, intending this policy to cover plaintiff's employment in his home. On May 4, 1953, plaintiff, while working on Wilensky's recreation room, cut off his left index finger and part of his left thumb.

On June 15, 1954, plaintiff filed a claim for compensation with the Industrial Commission of Minnesota. The referee made findings of fact and a determination that plaintiff's petition for compensation should be denied because he "was engaged in an employment which was casual and not in the usual course of the trade, business, profession or occupation of his then employer."[1]

On appeal, the Industrial Commission affirmed the referee's findings and the determination. No appeal from this denial of compensation was made to this court. Instead, plaintiff commenced this action against defendant, the workmen's compensation insurer, upon the theory that plaintiff was a third-party beneficiary of the contract of insurance made between Wilensky and defendant insurer.

Defendant insurer moved the trial court for summary judgment on the grounds, among others, that plaintiff's claim for relief under the Workmen's Compensation Act has been fully litigated before the Industrial Commission and is now res judicata; and that defendant insurer is entitled to judgment as a matter of law.[2]

The questions raised by plaintiff in this appeal are, to say the least, unique. He claims, in essence, that defendant, a workmen's compensation insurer, should be held directly liable to him for an injury arising out of an employment which is not covered by the Minnesota Workmen's Compensation Act.[3] Plaintiff argues, in other words, that the liability of a workmen's compensation insurer is something more than to merely pay those payments required of the employer by the terms of the Workmen's Compensation Act; and that, notwithstanding the fact that the employer has been determined not to be liable for compensation under the act, the insurer should still be liable to the employee.

■ Plaintiff bases his unusual argument on third-party beneficiary principles; that is, when A and B made a contract for the benefit of

---

[1]See, M. S. A. 176.041.

[2]Defendant insurer's other grounds in his motion for summary judgment were: That the action was not commenced within period of statute of limitations; that district court lacked jurisdiction over the subject matter; that the complaint fails to state a claim upon which relief can be granted; and that there is no genuine issue as to any material fact.

[3]M. S. A. 176.011, et seq.

C, or a class of C, D, E, etc., such a third party has a cause of action under that contract. This court has recognized this type of cause of action.[4] It would seem elementary, however, that any third party bringing this type of action on an insurance contract must be limited strictly to the terms and promises made in the contract involved. His rights depend upon, and are measured by, the terms of the contract.[5] The insurer in a workmen's compensation insurance policy promises to pay all compensation and other benefits *required by the state's workmen's compensation law,* and, as stated by many courts, that is all the insurer promises.[6]

■ It is the rule in this state that in a workmen's compensation contract the insurer must take the employer's full risk and that any agreement between employer and insurer limiting coverage is invalid. Skuey v. Bjerkan, 173 Minn. 354, 217 N. W. 358. Also clear is the rule that the coverage of workmen's compensation insurance is that stated in the policy. "The insurer is not liable for a risk which he did not insure." Yoselowitz v. Peoples Bakery, Inc. 201 Minn. 600, 604, 277 N. W. 221, 224.

The statutory provisions concerning workmen's compensation, M. S. A. 176.011, et seq., also make it clear that the workmen's compensation insurer is insuring only such liability of the employer for compensation as is required under the act.

Section 176.181, subd. 1, provides that "Any employer responsible for compensation may insure *the risk* [i. e., the risk of having to pay compensation under the act] * * *." (Italics supplied.)

Section 176.181, subd. 2, provides for compulsory insurance as

---

[4]La Mourea v. Rhude, 209 Minn. 53, 295 N. W. 304; Hansen v. Proctor, 246 Minn. 67, 74 N. W. (2d) 281; 4 Dunnell, Dig. (3 ed.) § 1896.

[5]12 Am. Jur., Contracts, § 289.

[6]Stitz v. Ryan, 192 Minn. 297, 256 N. W. 173, 94 A. L. R. 885; Moody v. Baxley, 158 Fla. 357, 28 So. (2d) 325; Patterson v. Curtis Pub. Co. 58 Ga. App. 211, 198 S. E. 102; Smith v. Crossett Lbr. Co. (La. App.) 72 So. (2d) 895; Benjamin v. Standard Acc. Ins. Co. 152 La. 874, 94 So. 428; Landry v. Fuselier (La. App.) 78 So. (2d) 442; Thomas v. Industrial Comm. 243 Wis. 231, 10 N. W. (2d) 206, 147 A. L. R. 103; Maryland Cas. Co. v. Industrial Comm. 198 Wis. 202, 223 N. W. 444.

follows:

"Every employer * * * liable under this chapter to pay compensation shall insure payment of such compensation [i. e., under this act] with some insurance carrier authorized to insure *such liability* in this state, * * *." (Italics supplied.)

Then again, § 176.185, subd. 2, entitled *Policy of Insurance,* deals with:

"A policy of insurance covering the *liability to pay compensation under this chapter* * * *." (Italics supplied.)

Section 176.185, subd. 3, goes on to say:

"Where the employer's risk is carried by an insurer the insurance policy shall provide compensation for injury or death in accordance with the full benefits conferred by this chapter."

The only conclusion from the foregoing is that the workmen's compensation insurer is liable only to the extent the employer is liable to pay compensation *under the Workmen's Compensation Act.* That is all the insurer contracts to do under a workmen's compensation insurance policy. It is equally obvious that the insurer has no independent liability to the employee, notwithstanding the fact that the contract of insurance was obtained for his benefit.[7] The cases plaintiff cites as authority for his argument that a third-party beneficiary action lies against the insurer in this case are patently distinguishable and are in no sense authority for his novel contention.

■ Was the Industrial Commission's ruling that the employment of plaintiff was casual and not in the usual course of the employer's trade, business, profession, or occupation and that there could be, therefore, no compensation awarded under the act[8] res judicata? Plaintiff argues

---

[7]See, St. Paul-Mercury Ind. Co. v. Grayson (10 Cir.) 194 F. (2d) 829; Benjamin v. Standard Acc. Ins. Co. 152 La. 874, 94 So. 428; Landry v. Fuselier (La. App.) 78 So. (2d) 442; Thomas v. Industrial Comm. 243 Wis. 231, 10 N. W. (2d) 206, 147 A. L. R. 103.

[8]M. S. A. 176.041 provides: "This chapter does not apply to * * * persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession, or occupation of his employer. * * *"

that this ruling is not res judicata and that he can now, in district court, relitigate the issue of the casualness of his employment.

Again we cannot agree with plaintiff's contention. This ruling by the Industrial Commission was not, as plaintiff argues, a mere dismissal for lack of jurisdiction. The Industrial Commission is the *only* forum which has the power to award or disallow claims for compensation under the Workmen's Compensation Act.[9] That forum has denied him such compensation and has ruled that his employer is not liable to pay compensation. The district court has no power to award compensation under the act. Since it has been finally determined that Wilensky, the employer, is not liable for compensation under the act,[10] there can be no liability imposed upon the workmen's compensation insurer under the insurance contract.

The ruling by the Industrial Commission that this was a casual employment so as to preclude an award of compensation is no less an adjudication on the merits than is a ruling that the accident did not arise out of the course of employment so as to also preclude an award of compensation. We agree with Ganges School Dist. No. 4 v. Smith, 330 Mich. 254, 257, 47 N. W. (2d) 84, 85, where the Michigan court said:

"* * * The question of whether plaintiff regularly employed 8 employees or had by any means assumed liability for compensation under the act, so that the act would apply to it, was one of fact which went to the further question of the liability of plaintiff under the act, not to the jurisdiction of the defendant commission."

The Michigan court quoted with approval from the South Dakota case of James v. McDonald, 73 S. D. 78, 39 N. W. (2d) 478, which stated that the questions of whether there was an employer-employee relation-

---

[9]Section 176.371 provides: "The commission, or a commissioner or referee to whom a petition has been assigned for hearing, shall hear all competent evidence produced at the hearing, and, as soon after the hearing as possible, make such findings of fact, conclusions of law, and award or disallowance of compensation or other order as the pleadings, evidence and this chapter require."

[10]No appeal to this court was made from the Industrial Commission's denial of compensation.

ship; whether there had been an "accidental" injury; whether the injury occurred in the course of employment; and whether the employee was other than a domestic worker or farm laborer were all questions which went to the liability of the employer under the law and not to the jurisdiction of the commission. Obviously, the question of whether or not the employment was casual has the same application.[11]

The Minnesota Industrial Commission is a creature of statute, and its jurisdiction is only as provided by statute. Section 176.371 provides that the commission shall, after hearing all evidence, make an order either awarding or disallowing compensation.[12] We hold that an Industrial Commission order denying compensation on the ground that the Workmen's Compensation Act is not applicable because the employment involved is "casual and not in the usual course of the trade, business, profession or occupation of his then employer" is, after time for an appeal has expired, a conclusive and final adjudication on the merits and, as such, is res judicata and thus not subject to collateral attack or relitigation in another proceeding.

The district court quite properly ruled that plaintiff has no cause of action against defendant insurer and that defendant insurer was entitled to judgment as a matter of law.

The summary judgment appealed from is affirmed.

Affirmed.

---

[11]In Abraham v. Dept. of Labor and Industries, 178 Wash. 160, 163, 34 P. (2d) 457, 458, the court stated:

"Under the express terms of statutory law and in accord with its beneficial purposes, the department has original and exclusive jurisdiction, in all cases where claims are presented; to determine the mixed question of law and fact as to whether a compensable injury has occurred. *It is as much its duty in each case to determine whether the workman was within the protection of the act at the time of the injury as it is to determine the fact of injury and extent thereof.* The facts as to the nature of the employment are a vital part of each inquiry, and must necessarily be determined before a result can be reached allowing the claim." (Italics supplied.)

[12]See footnote 9, *supra*.