[No. 36551.    Department Two.    December 19, 1963.]

LEO E. LEHTINEN, *Appellant*, v. WEYERHAEUSER COMPANY, *Respondent.**

*Reported in 387 P. (2d) 760.

*F. W. Loomis,* for appellant.

*Parker & Parker,* for respondent.

DAWSON, J.†—This is a common law action wherein Leo E. Lehtinen (appellant) brought suit against his employer, Weyerhaeuser Company (respondent), for damages which allegedly stemmed from an injury sustained in the course of extrahazardous employment. The trial court granted defendant's (respondent's) motion to dismiss under the Rules of Pleading, Practice and Procedure, treating the motion as one for summary judgment and, it appears, upon full compliance with the pertinent conditions enumerated in Rules 12 and 56.

In the transition to the statutory remedies afforded by the Industrial Insurance Act, the rule has become firmly entrenched that the statutory system of compensation for industrial injuries from a fund established and maintained by employer contributions has superseded and abolished the common law remedies. This court has repeatedly and consistently held that the statutory remedy is an exclusive one. This rule was invoked in granting summary judgment. Mr. Lehtinen appeals.

Appellant's position is that the following facts support a statutory exception: On March 15, 1959, he filed a claim with the Department of Labor and Industries alleging an industrial injury on October 3, 1958, when he took a "severe beating" while operating an insecurely anchored yarding machine. The frequent rise and abrupt drop of the unsecured end of the machine repeatedly jolted appellant. The details of the alleged resultant, a back disability, are not supplied; however, it has been dealt with throughout as an injury and not an occupational disease. His claim was rejected by the supervisor of industrial insurance. The Board of Industrial Insurance Appeals subsequently sus-

†Judge Dawson is serving as a judge pro tempore of the supreme Court pursuant to Art. 4, § 2(a) (amendment 38),·state constitution.

tained the supervisor. There was no appeal from the order of the board.

Appellant asserts that the frequent jolts he received while operating the equipment on October 3, 1958, were held by the board not to constitute a specific injury within the meaning of RCW 51.08.100. Respondent denies this, but asserts the claim was rejected because no causal relationship between the back condition and the happening was established by claimant. Either view is theoretically sound, for as we said in *Stampas v. Department of Labor & Industries*, 38 Wn. (2d) 48, 50, 227 P. (2d) 739:

"In addition to the finding that there was an industrial injury, it must have been shown that there was a disability, and that *the injury was the cause of the disability.*"

RCW 51.08.100 defines an industrial injury as follows:

" 'Injury' means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, *and such physical conditions as result therefrom.*" (Italics ours.)

Generally it is held that an injury so defined must be the product of a sudden and tangible happening and that its source (external act or occurrence) and nature or character (traumatic) are determinative factors. We have also said that it must be a happening of some notoriety, fixed as to time and susceptible of investigation. *Higgins v. Department of Labor & Industries*, 27 Wn. (2d) 816, 180 P. (2d) 559; *Favor v. Department of Labor & Industries*, 53 Wn. (2d) 698, 336 P. (2d) 382.

There has been no judicial hesitation elsewhere in accepting jars and jolts sustained during employment as an injury, particularly in relation to resulting back injuries. The court in *Weaver v. Mansfield Hardwood Lbr. Co.*, 4 So. (2d) 781, 783 (La. App. 1941), said:

". . . It does not always take a severe jolt or blow to the body to cause an injury to the back."

An identical result was reached in *Caddy v. R. Maturi & Co.*, 217 Minn. 207, 212, 14 N.W. (2d) 393, where a series of jars produced a back injury. The court said:

" . . . It is unimportant whether the final collapse was occasioned by one wrench or jerk immediately prior to the time the disk slipped out of place, or whether the disk finally slipped out of place at the end of a series of jars occasioned by and connected with relator's operation of the tractor for some time prior thereto."

In *Manthe v. Employers Mut. Cas. Co.*, 239 Minn. 368, 58 N.W. (2d) 758, successive jars received while riding on a defective automobile seat were held to support a compensable injury.

In *Barker v. Shell Petroleum Corp.*, 132 Kan. 776, 784, 297 Pac. 418, a workman received successive jars while riding a maney over a rough course during the period of 1 week. The court said: " . . . The injury in this case was the result of the severe successive jolts received on the first day of riding the maney." The resulting disability was held compensable.

The repeated trauma doctrine which had its origin in England (see Charles Burrell & Sons, Lim. v. Selvage, 90 L.J.K.B. (n.s.) 1340), as we have seen, is widely accepted in this country. *Cooper v. Department of Labor & Industries*, 49 Wn. (2d) 826, 307 P. (2d) 272, is cited as reaching a contrary result. It was held therein that a series of static electrical shocks extending over an indefinite period of time did not constitute an industrial injury under RCW 51.08.100. We do not accept this case result as authority for the view that one or more electrical shocks, or other repeated traumata for that matter, occurring at a definite time and producing disability may not be a compensable industrial injury. In the first place, the indefinite period referred to in the *Cooper* case was almost 3 years in duration, thus, in fact, the law of the case is encompassed by the rule that the cumulative effect of long-continued routine and customary duties does not constitute an industrial injury. *Higgins v. Department of Labor & Industries*, *supra*; *Mork v. Department of Labor & Industries*, 48 Wn. (2d) 74, 291 P. (2d) 650; *Haerling v. Department of Labor & Industries*, 49 Wn. (2d) 403, 301 P. (2d) 1078. In the second place, the direct cause of an effect on Esther Cooper, the claimant in that case, was psychosomatic and a result

was experienced only after a protracted series of minor, static shocks extending over a long period of time.

The record before us is silent as to the effect of the expert medical opinions which must have been evaluated by the board. It is accepted that a constituent part of definition includes the condition that the happening must have produced an immediate or prompt result. Although this court has had no occasion to circumscribe meaning in a case of this nature, nevertheless a prime test is that of causal relationship between a physical condition and a happening. It is not necessarily to be computed by punching a time clock, for fortitude and an indomitable spirit which delay the seeking of medical help are not strangers to the medical field. Thus, if the medical testimony established, in terms of probability, a causal relationship between appellant's back condition and the jolting he endured on October 3, 1958, then we do not hesitate to state that any resulting disability constituted an industrial injury under RCW 51.08.100.

The *Cooper* case, *supra*, we would distinguish on the facts, and the decision of the Board of Industrial Insurance Appeals would obviously be erroneous.

In consequence, we must seek the purport of the board's determination, for, as we said in *Abraham v. Department of Labor & Industries*, 178 Wash. 160, 163, 34 P. (2d) 457,

"Under the express terms of statutory law and in accord with its beneficial purposes, the department has original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a compensable injury has occurred. . . ."

We have decided that the board's determination is not contrary to the conclusion we have reached. It was pointed out that the supervisor rejected the claim because ". . . there was no proof of a specific injury at a definite time and place in the course of employment . . ."

This language fairly implies that the supervisor did not believe, as we do, that a sudden, tangible happening had occurred. However, the board did not adopt the language or the rationale of the supervisor. It pointed out that a claimant must show (1) the occurrence of a sudden

tangible happening of a traumatic nature, and (2) that a physical condition resulted therefrom. It is then concluded:

"After a careful review of the record, we are persuaded that the back condition for which the claimant received treatment in November, 1958, and March, 1959, was not causally related to a sudden and tangible happening of a traumatic nature occurring in the course of his employment on October 3, 1958. . . ."

Paraphrased and stripped of its modifiers, the proposition as stated in this simple sentence reads: "The back condition was not causally related to a happening." Simply stated, this is a denial of a causal relationship. To try to read into this sentence the denial of a statutory happening to which a physical condition could relate, requires a disregard of the established rules of grammatical usage. We do not do so, not only because the result would require distortion, but also because such a result would entirely disregard findings Nos. 3 and 4, upon which the decision must find its support.[1]

■ What, then, is the effect of the board's order upon the parties? In *LeBire v. Department of Labor & Industries*, 14 Wn. (2d) 407, 415, 128 P. (2d) 308, we said:

"The joint board of the department of labor and industries is created by statute, with power to hear controversies arising out of the workmen's compensation act and to determine the rights of both employers and employees.

". . .

". . . The joint board found, as a matter of fact, that appellant's arthritic condition was *not* the result of the injury, and its order was based primarily on that fact. No appeal was taken from that order. If the joint board committed error in its findings . . . its order would be subject to reversal on direct appeal therefrom. But since the joint board had jurisdiction of the subject matter and

[1]Finding No. 3: "Prior to October 3, 1958, the claimant had been suffering from an upper respiratory infection and had consulted a physician for treatment thereof on September 26, 1958. The claimant again consulted the same physician on October 6, 1958, but made no complaint of a back condition."

Finding No. 4: "By November 22, 1958, the claimant developed back complaints and received treatment therefor, but such condition was not causally related to any sudden and tangible happening of a traumatic nature occurring on October 3, 1958."

of the parties, and acted within the scope of its power, its judgment was not void, *and since no appeal was taken therefrom it is conclusive and, under the doctrine of res judicata, bars further litigation upon the same matters. . . .*" (Italics ours.)

This court said, in *State ex rel. Bates v. Board of Industrial Ins. Appeals*, 51 Wn. (2d) 125, 128, 316 P. (2d) 467,

"In respect to orders of the board, the superior court is not a court of general jurisdiction, but one of limited jurisdiction. The legislature, in adopting the workmen's compensation act in 1911, withdrew all phases of the premises from private controversy (thereby doing away with all actions by employees against employers for personal injuries sustained in the course of extrahazardous employment), and also abolished 'all jurisdiction [of the courts] over such causes,' *except as provided in the act. . . .*

"The only jurisdiction of the superior court since 1911 over such matters (all phases of master and servant liability for personal injuries) is limited to appeals from the orders of the joint board and, since 1949, from the orders of the board of industrial insurance appeals, when such appeals have been taken in strict accordance with the applicable provisions of the workmen's compensation act. . . ."

These announcements are in harmony with the weight of authority (at least as applied to issues of fact). Thus, it is seen that appellant had only one course open to him, after it was held that he had failed to prove a causal connection between his disability and his employment. As he was in the course of extrahazardous employment at the time of the occurrence, all compensation for disability resulting from such employment must be pursued under the provisions of the act. His rights thereunder limited him as an aggrieved party to an appeal from the order of the Board of Industrial Insurance Appeals. We find no right reserved to him whereby he was authorized to forego an appeal and sue his employer under common law; the doctrine of res judicata became an effective bar to such action.

The judgment is therefore affirmed.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.

February 14, 1964. Petition for rehearing denied.