**Orville L. OLSON, Jr., Plaintiff,**

v.

**AMERICAN OIL COMPANY, a foreign corporation, and Wally Hanson, Defendants.**

**Civ. No. A77–4031.**

United States District Court,
North Dakota,
Northwestern Division.

Dec. 11, 1978.

James L. Lamb, Grand Forks, N. D., for plaintiff.

John D. Kelly, Fargo, N. D., Mitchell H. Mahoney, Minot, N. D., for defendants.

## MEMORANDUM

VAN SICKLE, District judge.

On November 20, 1978, I granted motions for summary judgment in favor of all the Defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. At that time I reserved the right to file a memorandum opinion and this memorandum is in compliance with that reservation.

This is a personal injury action with jurisdiction of this Court based upon diversity of citizenship.

This is a personal injury action with jurisdiction of this Court based upon diversity of citizenship.

The Plaintiff, Orville L. Olson, Jr., began employment with the Defendant, American Oil Company in 1970 while Olson was a resident of Ulen, Minnesota. Olson was employed at that time as a warehouseman at American Oil's facility at Golden Valley, Minnesota. Later in 1970, Olson began driving bulk oil trucks for American Oil. His truck driving duties involved trips into various parts of Minnesota and North Dakota.

The Defendant, Wally Hanson, was also an employee of American Oil Company. He had worked as a bulk man at Lignite, North Dakota from 1952 through 1976, when he retired.

On October 14, 1971, while in the scope of his employment, Olson injured his back. This injury occurred at American Oil's station in Lignite, North Dakota while Hanson was assisting Olson load barrels of oil from the bulk station into an American Oil truck that was being driven by Olson.

At the time of the accident, American Oil Company was a self insurer for Workmen's Compensation in Minnesota and was in full compliance with the Minnesota Workmen's Compensation statute. American Oil Company was also contributing premiums to the North Dakota Workmen's Compensation Bureau in accordance with Chapter 65 of the North Dakota Century Code and was providing benefits under the North Dakota Workmen's Compensation Act for all of its employees working within or living within the State of North Dakota.

As a result of this injury, Olson was paid benefits of $3200.00 under the Minnesota Workmen's Compensation Act, M.S.A. § 176, from October 18, 1971 through July 23, 1973. Olson also received retraining benefits amounting to approximately $5,800.00 and medical expenses of over $11,-000.00 under the Minnesota act.

On October 10, 1977, Olson instituted this action against American Oil and Wally Hanson to recover for the injuries he received in the accident. The determinative question in the summary judgment motions before this Court is whether Orville Olson can maintain a suit against his employer, American Oil Company, and his fellow employee, Wally Hanson, after having collected over $20,000.00 in Workmen's Compensation benefits.

I find that he cannot maintain such a suit.

The affidavits submitted show that American Oil provided Workmen's Compensation coverage for all its employees in North Dakota and Minnesota. Due to the special circumstances of Mr. Olson's work duties, Mr. Olson was covered in both states. Thus, when Mr. Olson was injured, he could have filed for Workmen's Compensation benefits in either Minnesota or North Dakota. Mr. Olson chose to collect under the Minnesota Workmen's Compensation laws. The benefits he received under the Minnesota law were more generous than the benefits he would have been provided under the North Dakota Workmen's Compensation law.

Section 65–01–01 of the North Dakota Century Code, which sets forth the purposes of the workmen's compensation law, provides as follows:

"65–01–01. Purposes of Compensation Law—Police Power.—The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workmen injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are abolished except as is otherwise provided in this title."

This section abolishes the jurisdiction of all courts for civil actions for personal injuries sustained by workmen except as expressly provided in Title 65. Title 65 does not provide for an action against an employer or a fellow employee when the employer has contributed premiums to the North Dakota Workmen's Compensation fund. In fact, this suit is specifically prohibited by N.D.C.C. § 65–01–08 which provides as follows:

"65–01–08. Contributing Employer Relieved From Liability for Injury to Employee.—Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, shall have no right of action against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation."

Mr. Olson's sole remedy for his injuries under North Dakota law is the Workmen's Compensation fund. His election not to file for North Dakota Workmen's Compensation benefits does not defeat the limited immunity granted his employer and fellow employees under section 65–01–08.

Even if Mr. Olson had not been covered by North Dakota Workmen's Compensation, I would reach the same result under the provisions of the Full Faith and Credit Clause, Article IV, § 1 of the United States Constitution, which provides as follows:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

The United States Supreme Court, in *Bradford Electric Light Co. v. Clapper*, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 (1932), held that a sister state must give recognition to the workmen's compensation statutes of another state unless the provisions of the other state's workmen's compensation statutes are obnoxious to the public policy of the forum state. *See Carroll v. Lanza*, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955); *Pacific Employers Insurance Co. v. Industrial Accident Commission*, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939).

I find nothing obnoxious to the public policy of the state of North Dakota in the Minnesota Workmen's Compensation Law

in this situation. This problem has been discussed and the same conclusion reached in *Trautman v. Standard Oil Co. of Indiana*, 263 N.W.2d 809 (Minn.1978). The supreme courts of both Minnesota and North Dakota have held that determinations of state workmen's compensation commissions are final decisions entitled to res judicata effect. *See Brix v. General Accident and Assurance Corp.*, 254 Minn. 21, 93 N.W.2d 542 (1958); *Stine v. Weiner*, 238 N.W.2d 918 (N.D.1976). Thus, the filing for and collection of workmen's compensation benefits under Minnesota law is entitled to full faith and credit by a federal district court bound to apply the substantive law of North Dakota, preventing this subsequent common-law action.

This memorandum is deemed to satisfy the requisites of Rule 52, Federal Rules of Civil Procedure.

### SUMMARY JUDGMENT

The Defendant Wally Hanson's Motion for Summary Judgment having come on for hearing before the Court, the Court having issued its Memorandum dated December 11, 1978, granting the Defendant Wally Hanson's Motion for Summary Judgment,

NOW THEREFORE, on motion of Mitchell Mahoney, one of the attorneys for the Defendant, Wally Hanson,

IT IS ORDERED AND ADJUDGED that the Plaintiff's Complaint against Wally Hanson is dismissed with prejudice and on its merits.