[No. 51140–3. En Banc. May 30, 1985.]

WAYNE G. RHODES, ET AL, *Respondents*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Kenneth O. Eikenberry, Attorney General,* and *Thornton Wilson, Assistant,* for appellant.

*Walsh, Margolis & Brousseau,* by *Harry Margolis,* for respondents.

DOLLIVER, C.J.—The Department of Labor and Industries appeals from the trial court's decision holding the Department was barred by res judicata from collecting a disability reimbursement from plaintiff pursuant to RCW 51.12.100. We reverse.

The facts are undisputed. On May 3, 1976, plaintiff Rhodes was injured while working underwater in connection with bridge construction. On May 11, 1976, Rhodes filed an industrial insurance claim with the Department. He subsequently filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) (33 U.S.C. § 901 *et seq.* (1976)). Willamette Western, the employer, controverted the claim asserting

state, not federal, statutes governed. On March 22, 1977, the attorney for plaintiff Rhodes wrote the Department requesting the claim be accepted subject to the right of subrogation of the Department if Rhodes prevailed in the jurisdictional fight with the employer's carrier. On May 23, 1977, the Department issued an interlocutory order under RCW 51.32.210 granting Rhodes' disability benefits. This was not an appealable order.

On June 22, 1977, the Department advised Rhodes by letter it accepted responsibility for his injury. The order directing payment stated any appeal from the order must be made within 60 days "or the same shall become final." *See* RCW 51.52.050. Time loss payments with similar appealable orders were issued to Rhodes for the next 2 years. No appeals were taken.

On April 10, 1978, Rhodes' LHWCA claim was allowed. On May 5, 1978, an order was issued by the Department stating that since the LHWCA claim had been allowed the Department was entitled to reimbursement of the $20,645.92, time loss and medical expenses paid to Rhodes.

Plaintiffs appealed this order to the Board of Industrial Insurance Appeals which sustained the Department. Plaintiffs then appealed to the Superior Court which reversed the Board, holding the action for reimbursement was bound by res judicata.

Prior to discussing the issues, we note that although the claimant has joined the employer in the appeal his entitlement to benefits is not affected by its outcome. As the Board noted in its decision and order dated September 12, 1980:

> Only one consequence would follow if the claimant and the employer were to prevail in the present action. That consequence is that the employer and [its] insurer would be entitled to set off what has been paid by the Department (and what would in the future be paid by the Department) on the claim against their liability under the federal act.

In other words, the employee will neither gain nor lose

regardless of the outcome of this action.

Plaintiffs assert that since no appeal was taken from the final appealable orders issued by the Department from May 4, 1976 to May 3, 1978, the rights of Rhodes to the moneys granted under these orders have been fixed and are now res judicata. The law does not support this position.

In 1972 Congress amended the LHWCA to expand its coverage (Pub. L. No. 92–576, § 2(c), 86 Stat. 1251 (1972), amending 33 U.S.C. § 903(a)). As a result, payment under the Washington industrial insurance act (RCW Title 51) frequently would be offset by LHWCA benefits which, in most cases, are greater than those under industrial insurance. *See Lindquist v. Department of Labor & Indus.*, 36 Wn. App. 646, 650, 677 P.2d 1134 (1984). To protect the State's industrial insurance funds when a worker is adequately covered under LHWCA, the Legislature in 1975 (Laws of 1975, 1st Ex. Sess., ch. 224, § 3, p. 734) amended RCW 51.12.100 to require the repayment of benefits paid to an injured worker prior to the final determination of LHWCA coverage.

■ The language of the 1975 amendment to RCW 51.12.100 is precise and unambiguous: "In the event payments are made under this title prior to the final determination under the maritime laws, such benefits shall be repaid if recovery is subsequently made under the maritime laws." There is nothing in the statute limiting reimbursement only to benefits paid pursuant to interlocutory orders. All benefits, whether granted under interlocutory or final orders, "shall be repaid". To hold otherwise would be for this court to intrude inappropriately into the legislative process.

Plaintiffs, however, contend that since the payments in question were made under final order and were not timely appealed, the doctrine of res judicata applies, regardless of the statutes. In advancing this position, plaintiffs rely on *Abraham v. Department of Labor & Indus.*, 178 Wash. 160, 161, 34 P.2d 457 (1934). In *Abraham* the court held the determination by the Department that a deceased worker's

injuries were "received during the course of his employment" was final for res judicata purposes. The court rejected the position of the Department that it could later terminate the deceased worker's benefits on the grounds the worker was not injured while employed. *See also Knestis v. Unemployment Comp. & Placement Div.,* 16 Wn.2d 577, 134 P.2d 76 (1943) (decision by unemployment compensation and placement division in connection with amount of unemployment taxes is final due to elapse of time period of 30 days).

*Abraham* and *Knestis* are distinguishable. In those cases the administrative agencies actually *made* factual or legal determinations as to whether, and to what extent, the claimants were covered by the particular disability statute. The administrative decisions in *Abraham* and *Knestis* were "adjudicated" and "final". There the administrative agencies adjudicated something which was within their power to adjudicate: whether the administrative agency had jurisdiction over a claim.

In this case, however, the Department did not, and could not, determine Rhodes' case was "final" for purposes of res judicata since, at the time the June 22, 1977 order was issued, the Department had no way of knowing whether he was covered by the LHWCA. While RCW 51.52.050 declares disability decisions not appealed within 60 days become "final", the disability award in this case was never "adjudicated" or "final" since RCW 51.12.100 expressly provides benefits shall be repaid *if* recovery is subsequently made under the federal maritime law. The Department cannot "adjudicate" something the statutory scheme provides it may not adjudicate at that time.

The principle is illustrated by the Restatement (Second) of Judgments § 83 (1982), which provides:

> (4) An adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that:

(a) The determination of the tribunal adjudicating the issue is not to be accorded conclusive effect in subsequent proceedings; . . .

Comment *g* elaborates on the above cited rule as follows:

In contrast [to judicial tribunals], the jurisdiction of administrative agencies is usually defined in terms of specified substantive legal provisions, for example, workers' compensation . . . Since the tribunal's authority is delimited in substantive legal terms, the tribunal ordinarily lacks authority to adjudicate claims arising out of the transaction in question but based upon other substantive legal premises. . . . These limitations on authority of the tribunal should carry corresponding limitations on the scope of "claim" for purposes of the rule of claim preclusion.

Finally, plaintiffs assign error to the failure of the trial court to enter a conclusion that on the additional ground of estoppel respondents should prevail. Passing over defendant's contention that this issue was not properly raised by plaintiffs, we consider it on the merits. In *Harbor Air Serv., Inc. v. Board of Tax Appeals*, 88 Wn.2d 359, 366–67, 560 P.2d 1145 (1977), we stated:

Three elements must be present to create an estoppel: (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

█ Plaintiffs' claim of estoppel rests on the fact that the employer was required by the Department to report worker hours and pay premiums with respect of work done by its employee Rhodes and that the Department has not refunded or offered to refund these premiums. This argument is spurious. Willamette was required by statute (RCW 51.12.100) to report worker hours and pay premiums for Rhodes and would have done so regardless of whether Rhodes was injured. Furthermore, RCW 51.12.100 does not require the Department to pay benefits merely because an employer paid premiums. *See Lindquist v. Department of*

*Labor & Indus., supra.*

The trial court is reversed; the order of the Board of Industrial Insurance Appeals is reinstated.

UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.