Janine K. HAAS, individually and as Representative for all others similarly situated, Appellant,

v.

DAIMLERCHRYSLER CORPORATION, DaimlerChrysler Motors Corporation, and Bloomington Chrysler Jeep Eagle, Inc., individually and as representative for other similarly situated Chrysler dealerships, Respondents.

No. C7–99–1921.

Court of Appeals of Minnesota.

June 13, 2000.

William B. Butler, William B. Butler, PLLC, Minneapolis, MN; and Daniel J. Biersdorf, Biersdorf & Associates, P.A., Minneapolis, MN; and Vernon J. Vander

Weide, Head, Seifert & Vander Weide, Minneapolis, MN (for appellant).

Kathy A. Wisniewski, John W. Rogers, Bryan Cave LLP, St. Louis, MO; and Richard B. Solum, Michael J. Wahoske, Amy Katz Rotenberg, Dorsey & Whitney LLP, Minneapolis, MN; and Paul A. Banker, Blake W. Duerre, Arthur, Chapman, Kettering, Smetak & Pikala, Minneapolis, MN (for respondents).

Considered and decided by ANDERSON, Presiding Judge, SCHUMACHER, Judge, and PETERSON, Judge.

## OPINION

SCHUMACHER, Judge.

The district court dismissed the lawsuit of appellant Janine K. Haas, individually and as representative for all others similarly situated, for failure to state a claim on which relief could be granted. We affirm.

## FACTS

Haas bought a used Chrysler vehicle from respondent Bloomington Chrysler Plymouth Jeep Eagle, Inc. In keeping with corporate policy, the dealership charged Haas $150 to transfer to her the remainder of the factory warranty on the vehicle. Haas brought a class action lawsuit alleging that the fee violated both the Magnuson–Moss Warranty Act and section 2–318 of the Uniform Commercial Code. The dealership, along with respondents DaimlerChrysler Corporation and Daimler-Chrysler Motors Corporation (collectively, "Chrysler"), moved to dismiss the lawsuit, and the district court granted the motion.

## ISSUES

1. Does the $150 transfer fee violate the Magnuson–Moss Warranty Act's prohibition on conditional warranties?

2. Is the $150 transfer fee an unlawful attempt to "limit or exclude" Chrysler's warranty obligations in violation of section 2–318 of the UCC?

## ANALYSIS

■ In reviewing a case dismissed for failure to state a claim, the only question before us is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980). We exercise de novo review of such a dismissal. *Leonard v. Northwest Airlines, Inc.*, 605 N.W.2d 425, 428 (Minn.App.2000), *review denied* (Minn. Apr. 18, 2000).

1. Haas contends that Chrysler violated section 2302(c) of the Magnuson–Moss Warranty Act, which prohibits placing conditions on warranties:

No warrantor of a consumer product may condition his written or implied warranty of such product on the consumer's using, in connection with such product, any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name * * *.

15 U.S.C. § 2302(c) (1994).

Chrysler's warranty provides that it extends only to the first buyer of the vehicle:

**Subsequent Buyer/Owner**

The Chrysler **"Owner's Choice Protection Plan"** Warranty is extended only to the first buyer/owner of the vehicle. If you're the second buyer/owner of the vehicle, you may transfer the warranty coverage under the **"Owner's Choice Protection Plan"** Warranty and the **"7/100 Corrosion Warranty"** * * * into your name.

To transfer the warranty, you must have an authorized Chrysler Corporation Dealer process a **"Transfer of Coverage Application"** for you. The cost for this service is $150. You pay this fee directly to the dealer. You must apply for a coverage transfer within 30 days from the date you buy the vehicle. As a Second Buyer/Owner, you may transfer

only the remaining **"Owner's Choice Protection Plan"** coverage which the first buyer/owner elected, together with the remaining portion of the **"7/100 Corrosion Warranty."**

But the regulations promulgated by the Federal Trade Commission interpreting the Magnuson–Moss Act expressly recognize that a limited warranty may be limited to the initial purchaser of the item. In such a case, the seller must disclose the

> identity of the party or parties to whom the written warranty is extended, *if the enforceability of the written warranty is limited to the original consumer purchaser* or is otherwise limited to persons other than every consumer owner during the term of the warranty.

16 C.F.R. § 701.3(a)(1) (1999) (emphasis added); *see also* 15 U.S.C. § 2302(a)(2) (1994) (FTC rules may require warranty to disclose the "identity of the party or parties to whom the warranty is extended"). Indeed, Haas concedes that a seller may offer a limited warranty.

■ Haas argues that the warranty is not conspicuously limited to the first purchaser as required by section 2302(a) of the Act because it offers to "transfer" any "remaining" warranty coverage to a second buyer on the payment of the $150 fee. According to Haas, "[i]f Chrysler in fact extended the * * * warranty only to the first purchaser, there could be no 'remainder' of the warranty to 'transfer.'" Haas therefore argues that the warranty is not really a limited warranty, but a warranty that conditions its coverage on the payment of a $150 fee by a second buyer.

This semantic argument is too weak to overcome the clear language of the warranty that it is "extended only to the first buyer/owner of the vehicle." Despite Haas's attempts to recast the warranty's limitation as a condition, the warranty provision is a legitimate limitation on the duration of the warranty as permitted by both the Magnuson–Moss Act and the regulations interpreting it.

Haas also contends that Chrysler may not limit the warranty to the initial purchaser because the warranty is not really a limited warranty, but is instead a "full warranty." Section 2303 of the Magnuson–Moss Act and federal regulations both require that a seller conspicuously designate a written warranty as either a "full warranty" or a "limited warranty." 15 U.S.C. § 2303 (1994); 16 C.F.R. § 700.6(a) (1999). A full warranty is subject to restrictions that do not apply to a limited warranty. *See* 15 U.S.C. § 2304 (1994) (setting forth requirements for warranties that "meet the Federal minimum standards for warranty"); 15 U.S.C. § 2303(a)(1) (providing that warranty that "meets the Federal minimum standards for warranty set forth in section 2304" be designated "full" warranty).

Haas contends that because the warranty is really a full warranty, it violates the provision of section 2304(b)(1) that forbids a warrantor from imposing "any duty other than notification upon any consumer as a condition" of warranty coverage. 15 U.S.C. § 2304(b)(1). Haas contends that Chrysler impermissibly placed on her the "duty" of paying $150 in order to receive the benefit of the warranty.

Haas relies on *Hughes v. Segal Enterprises, Inc.*, 627 F.Supp. 1231 (W.D.Ark. 1986), to argue that where a warrantor labels the warranty in a misleading or deceptive way, courts will construe the warranty in the light most favorable to the consumer to determine whether it is a full or limited warranty. In *Hughes*, however, the defendant conceded that it "fail[ed] to designate the warranty as a 'limited' warranty." *Id.* at 1238. In contrast, no reasonable consumer could believe the Chrysler warranty here was a full warranty. The phrases "limited warranty" and "limited warranties" appear at least 34 times in the warranty, including 4 times in the table of contents and at least 7 times in captions printed in reverse relief (white on black) type larger than the type used for the body of the warranty and set off from

the body of the warranty by both spacing and graphic elements (thick black bars on which the text is printed). The warranty thus satisfies the statutory requirement that it be conspicuously designated a limited warranty. 15 U.S.C. § 2303(a)(2); *see also* 16 C.F.R. § 700.6(a) (requiring that "designation or designations should appear clearly and conspicuously as a caption, or prominent title, clearly separated from the text of the warranty."). *Hughes* is thus inapplicable.

Chrysler conspicuously designated its warranty a limited warranty and legitimately restricted its duration to the initial owner of the vehicle. As a result, Haas had no statutory right to receive the remainder of the warranty, and the $150 transfer fee violated no provision of the Act. The district court did not err in finding that Haas failed to state a claim for which relief could be granted under the Magnuson–Moss Act.

■ 2. Haas argues that section 2–318 of the UCC prevents Chrysler from charging the $150 transfer fee. Minnesota's version of that statute provides as follows:

A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section.

Minn.Stat. § 336.2–318 (1998). Haas contends that the statute by its terms extends the warranty to persons who would reasonably be expected to use the vehicle, including second-hand purchasers such as she. According to Haas, because Chrysler cannot "exclude or limit" the operation of this statute, it cannot charge a fee to transfer the warranty. Instead, Haas contends, the warranty transfers by operation of law.

The flaw in Haas's argument is that it confuses the first-party right to receive services under the warranty with the third-party statutory right to recover for damages caused by breach of the warranty. As Haas concedes and the statute's caption reflects, this provision of the UCC deals with "Third Party Beneficiaries of Warranties Express or Implied." Minn. Stat. § 336.2–318; *see Essling v. Markman*, 335 N.W.2d 237, 240 n. 2 (Minn.1983) (statutory title may be considered when attempting to ascertain legislature's intent). Section 2–318 provides that the "seller's warranty whether express or implied extends to any person * * * *who is injured by breach of the warranty*." Minn.Stat. § 336.2–318 (emphasis added). Until Haas is injured by a breach of the warranty, section 2–318 grants her no third-party beneficiary rights.

The warranty in this case specifically provides that it "is extended only to the first buyer/owner of the vehicle." The warranty goes on to provide that the vehicle's second buyer can transfer any remaining warranty coverage by having the Chrysler dealer submit a "Transfer of Coverage Application" at a cost to the second purchaser of $150.

Those contractual terms define and limit any rights Haas may have as a third-party beneficiary of the warranty. As the Minnesota Supreme Court has observed, the

rights of third-party beneficiaries "depend upon, and are measured by, the terms of the contract." *Brix v. General Accident & Assurance Corp.*, 254 Minn. 21, 24, 93 N.W.2d 542, 544 (1958); Restatement (Second) of Contracts § 309 cmt. b (1981) (stating that a third-party beneficiary's rights are subject to limitations in the contract).

*In re Hennepin County 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 499 (Minn. 1995).

Because the warranty specifically provides that subsequent purchasers may only assume any remaining warranty coverage on the payment of a $150 fee, charging Haas the $150 fee was not a "breach" of the warranty. Without a breach of the warranty, Haas cannot be a person "who is

injured by breach of the warranty." As a result, section 2–318 does not grant Haas the right to assume the warranty without paying the $150 transfer fee. The district court therefore did not err in concluding that Haas failed on this point to state a claim for which relief could be granted.

Chrysler has moved in the district court for sanctions pursuant to Minn. R. Civ. P. 11 against Haas and asks us to remand the case so that the district court may resolve that motion. Haas's lawsuit, however, presented novel and colorable legal issues. Because we find as a matter of law that Haas did not violate rule 11, we need not remand the case to the district court.

## DECISION

The district court correctly ruled that Haas failed to state a claim on which relief could be granted.

**Affirmed.**