## DAVID I. SCHORE v. HARVEY MUELLER.

186 N. W. (2d) 699.

April 30, 1971—No. 42413.

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *O. C. Adamson II,* for appellant.

*Carroll, Cronan, Roth & Austin* and *Frank X. Cronan,* for respondent.

*Hughes, Hughes & Thoreen* and *Fred J. Hughes,* amicus curiae.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Plaintiff appeals from an order denying his post-trial motion for a new trial on the issue of damages.

This action arose out of a collision between automobiles owned and operated by plaintiff and defendant. It occurred on November 27, 1967, when defendant admittedly drove his 1956 Ford station wagon onto the wrong side of the highway when turning right within an intersection and into the front end of plaintiff's 1967 Cadillac as plaintiff was stopped waiting for the traffic signal to change. Plaintiff, aged 29 at the time of the accident, claimed that in addition to minor damage to his automobile, the accident caused an aggravation of a preexisting disability in his back, resulting in surgery, permanent disability, and substantial special and general damages. Upon trial of the issues in December 1969, the court directed a verdict against defendant on liability and submitted to the jury only the issue of damages. On December 17, the jury awarded plaintiff $10,000 damages. Plaintiff promptly moved for a new trial on the issue of damages, contending in essence that the award was manifestly inadequate and resulted from a compromise by the jury between his right to recover all damages causally related to the accident and the substantial amount of damages he sustained. The motion was heard on the minutes of the court and was denied on January 7, 1970.

Plaintiff submitted this appeal without a complete transcript of the trial testimony, since a transcript of the testimony of defendant's examining medical witness was unobtainable because of the loss of the reporter's notes. Conflicting statements of the doctor's testimony prepared by counsel for the parties pursuant to Rule 110.03, Rules of Civil Appellate Procedure, were, because of want of recollection by the trial judge, neither approved nor

disapproved. They are, however, together with the minutes of the trial judge, included in the record. Plaintiff also assigns his inability to obtain a complete transcript as ground for a new trial, even though Rule 59.01, Rules of Civil Procedure, no longer provides that this is an independent basis for granting a new trial.

On appeal plaintiff contends that the award of $10,000 for an aggravation of his back condition which required a spinal fusion and resulted in special damages exceeding $15,000 is entirely inadequate, unjustified by the evidence, and a compromise verdict which the trial court erred in approving.

A careful review of the record submitted makes clear that the critical disputed fact issue tried concerned the extent to which defendant's negligence aggravated plaintiff's preexisting back condition. It is undisputed that plaintiff at the time of trial was permanently partially disabled and that he had a long history of back trouble which had its origin in an injury he sustained in 1950 when he was 12 years old. From 1950 through 1965 he experienced at least three episodes of back strain, one of which required corrective surgery—a laminectomy at the L4-5 interspace in December 1963. It was his testimony, however, that since December 1965 he was free of any symptoms until shortly after the accident, when the symptoms recurred, requiring extensive medical treatment, resulting in loss of wages, and ultimately resulting in July 1968 in a second laminectomy and a spinal fusion extending from the fourth lumbar vertebra into the sacrum. His claims were supported by expert testimony of his two attending doctors. Defendant contended that the slight impact of the collision caused only temporary aggravation which lasted no more than 4 months, until March 20, 1968. This contention appears to have been the gist of the opinions expressed by defendant's examining doctor, and on cross-examination one of plaintiff's medical witnesses conceded that this was a probability.

The jury thus was confronted with determining whether defendant's negligence caused only a temporary aggravation or an

aggravation of the duration and consequences claimed by plaintiff. There can be no doubt that there is ample evidence to sustain either determination, even if the testimony of defendant's medical witness is wholly ignored. Our rule is that a person who has a preexisting disability is entitled to recover damages for an aggravation of that condition even though the particular consequences would not have followed absent his prior disability, recovery being limited, however, to the additional injury over and above the consequences which normally would have followed from the preexisting condition absent defendant's negligence.[1] However, it is usually no easy task in cases of this kind to separate plaintiff's claims into those which are properly attributable to defendant's negligence and those which would have normally resulted from his preexisting back condition had there been no aggravation caused by defendant's negligence. In this case, the evidence and the contention of the parties make the task of separating the claims relatively clear-cut. Try as we have done, we are unable to justify the award by resort to the evidence.[2] We cannot escape the conclusion that the award is either excessive or inadequate and can only be explained on the basis that the jury neglected to resolve the question of whether the aggravation was temporary or contributed to cause plaintiff's present condition. If the jury determined that the corrective surgery in 1968 and the resulting permanent partial disability of plaintiff's back was causally related to the accident, an award substantially in excess of $10,000 was required. According to unchallenged evidence, his special damages far exceeded that amount, and where, as here, the "general damages are substantial, an award of nothing therefor, or a mere nominal award, will not do." Olson

---

[1] Nelson v. Twin City Motor Bus Co. 239 Minn. 276, 58 N. W. (2d) 561.

[2] If one were to speculate, the explanation may be found in the jury's failure to comprehend and properly apply the difficult rule for measuring damages for an aggravation of a preexisting disability and the widely divergent suggestions of counsel in final arguments that the evidence in this "fender bender" accident would support an award of a rather "liberal" $5,000, or on plaintiff's behalf, $99,000.

v. Christiansen, 230 Minn. 198, 200, 41 N. W. (2d) 248, 249. If it were found that plaintiff failed to sustain his burden of proof and the jury determined that the aggravation was only temporary, extending at most for 4 months, only an award substantially less than $10,000 could be justified. Under the most liberal view of the evidence, plaintiff's special damages, including damages to his automobile, could not account for more than $1,500 of the award and the remainder, representing pain and suffering, would be grossly excessive.

Although granting or refusing a new trial for inadequate or excessive damages rests almost wholly within the discretion of the trial court, a new trial should be ordered if it appears that the damages awarded were a compromise between the right to recover and the proved damages sustained. Hurr v. Johnston, 242 Minn. 329, 65 N. W. (2d) 193; Caswell v. Minar Motor Co. 240 Minn. 213, 60 N. W. (2d) 263; Blacktin v. McCarthy, 231 Minn. 303, 42 N. W. (2d) 818. Where the award is less, or only slightly more, than proved special damages, a strong inference of compromise arises. Krueger v. Knutson, 261 Minn. 144, 111 N. W. (2d) 526. While compromise awards most commonly occur where the issue of liability is vigorously contested, they may also occur where liability is uncontested or resolved as a matter of law and the critical issue is the causal relation between defendant's negligence and the several items of special and general damages claimed. Nelson v. Twin City Motor Bus Co. 239 Minn. 276, 58 N. W. (2d) 561. Defendant understandably is content with the verdict. His decision not to seek a remittitur or new trial and his willingness to accept the award, even though an evidentiary basis therefor cannot be demonstrated, are readily explainable because of his exposure upon retrial to a substantially larger award. Where a compromise verdict appears to have been reached, however, approval of the award on the basis of defendant's acceptance would not only prejudice plaintiff but may also deprive him of his constitutional right to have the issue resolved by a jury. See, Olson v. Christiansen, *supra*.

We need not pass on plaintiff's contention that a new trial is required because of the unavailability of a complete transcript, since under any view of the substitute record, needed evidentiary support for the $10,000 award does not appear.

Reversed and remanded for a new trial on the issue of damages.