**Anna Lynn HAWS, Plaintiff-Appellee,**

v.

**Ricky L. BULLOCK et al.,
Defendants-Appellants.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 25, 1979.

Permission to Appeal Denied by Supreme
Court Dec. 27, 1979.

Dalton L. Townsend of Hodges, Doughty & Carson, Knoxville, for defendants-appellants.

J. Randolph Humble of Shields, Rainwater & Humble, Knoxville, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

This appeal presents the issue of whether an injured person may recover from a tort feasor, as an element of damages, for determinable pre-existing disabili-

ties where the injury has aggravated and increased the pre-existing disability. In this suit for damages from a personal injury received in an automobile accident, the plaintiff recovered a jury verdict of $16,-000.00, where the trial judge charged the affirmative on the stated issue.

Defendants, on appeal, raise as issues the jury verdict was excessive and the following portion of the instructions to the jury is erroneous as a matter of law:

If the condition which the plaintiff had before this accident did cause her pain and suffering or disability, and after this accident, the plaintiff suffered additional pain and suffering or disability, then the defendant, if liable, and of course, they are in this case,[1] are liable for the entire damages which ensue. That is, the defendants are liable for all damages that are the proximate cause of the defendant's negligent act.

Now, the defendants are not entitled to receive a reduction of the damages which the plaintiff suffered on account of a preexisting infirmity, if any. This includes disability, but not prior pain and suffering. Of course, prior pain and suffering are not chargeable to these defendants from this accident. The law is that we hold the rule to be that a tort feasor, that's the defendant, must accept the injured person as they find her. If the wrongful acts result in the aggravation of or an increase in a permanent partial disability existing in the injured party, then it matters not to what extent the wrongful act aggravates or increases that disability. Any increase thereof renders the tort feasor, that's the defendants, liable for all.

The accident occurred on November 14, 1977. Although there was no visible sign or report of bodily injury at the scene of the accident, plaintiff developed a headache that night and the following day she sought medical attention because of stiffness in her neck and pain in her back. Approximately a week following the accident she was examined by Dr. Bell, who had previously treated plaintiff for neck and back problems arising from a prior injury. This doctor had performed a laminectomy for removal of a ruptured disc in February, 1975; he testified that plaintiff also had degenerative arthritis and degenerative disc disease in her neck and back. At trial, the doctor testified:

Q. And prior to November 21, 1977, how would you rate her disability as a result of the laminectomy and the other problems that she had? Do you have an opinion based on reasonable medical certainty as to that?

A. Yes, I feel that she probably had a disability rating in the area of twenty per cent to the body as a whole prior to this accident.

Q. And as a result of this collision that she was involved in and these prior problems, what would you rate her disability at today?

A. As twenty-five per cent.

Q. And you consider this, in your opinion, do you consider this new disability to be a result, partly a result of aggravation of these pre-existing injuries?

A. Yes.

Plaintiff testified that as a result of the accident her ability to perform her housework had been restricted; that she had lost approximately 64 hours from work due to therapy; that her condition in her low back was worse than before, *i. e.*, more pain; and that she had new problems in her neck and headaches.

The latter portion of the quoted charge is taken from *Foster v. Baptist Memorial Hospital*, 506 S.W.2d 775 (Tenn.App.1973), which plaintiff insists controls. In that case, the Western Section of this Court, stated:

We hold the rule to be that a tort feasor must accept the injured person as he finds him. If the wrongful act results in the aggravation of, or an increase in, a permanent partial disability existing in the injured party, then it matters not to

---

1. Defendants admitted liability for any injuries sustained by plaintiff.

what extent the wrongful act aggravates or increases that disability; any increase thereof renders the tort feasor liable for all. *Wilson v. Cook Manufacturing Company* (1966), 56 Tenn.App. 129, 405 S.W.2d 584. See also: *Elrod v. Town of Franklin* (1918), 140 Tenn. 228, 204 S.W. 298; *Holt v. McCann* (1968), 58 Tenn.App. 248, 429 S.W.2d 441. The jury should have been so charged. p. 778.

The rationale for the stated rule is set forth subsequently in the body of that opinion as follows: -

If the jury finds the wrongful act increased the preexisting permanent disability . . . to any degree, the jury fixes damages for the whole. In so doing the jury is not speculating nor basing its verdict on conjecture or surmise, because the *extent of the increase* in the permanent injury is of no significance. [Emphasis original.] At p. 779.

But the rule stated in *Foster* is applicable only to the special circumstances present in that case. In *Foster*, the plaintiff had sustained bodily injuries when he fell through an elevator shaft and was hospitalized in defendant hospital for treatment of the injuries. While in the hospital, plaintiff sustained additional injuries from an accident occurring in the hospital and sued on the theory that the hospital had negligently caused the injuries and that the accident had aggravated his previous injuries. The *Foster* opinion notes that the evidence did not establish to what extent the injury in the hospital aggravated the plaintiff's prior disability and there was no evidence that established what residual permanent disability the plaintiff would have suffered from the prior injury, since his subsequent injury occurred during the course of recovery from the prior injuries.

■ Where the tort feasor's negligence has rendered it impossible to apportion the amount of disability caused by the pre-existing condition and that caused by the subsequent injury, it is generally held that the defendant is liable for the total damages for the injuries whether the injuries were for new ones or aggravation of a pre-existing condition. *Matsumoto v. Kaku*, 484 P.2d 147 (Hawaii 1971); *Newbury v. Vogel*, 151 Colo. 520, 379 P.2d 811 (1963). But the jury must, if possible, apportion the amount of disability and pain between that caused by the pre-existing condition and that caused by the accident. *Stephens v. Koch*, 561 P.2d 333 (Colo.1977).

■ In this case, plaintiff acknowledged that prior to this accident her low back did cause her pain resulting from a prior injury and her activities were somewhat limited as a result of her prior condition. The record establishes, with reasonable certainty, plaintiff's pre-existing permanent, partial disability. The effect of the trial judge's instructions was to allow plaintiff to recover damages for injuries which were not attributable to defendant's negligence, but resulted from her prior condition and injuries. Under the evidence, defendants would not be responsible for plaintiff's previous condition, except to the extent of aggravation or enhancement by defendants' acts.

■ An oft stated principle in the cases is that a tort feasor "must accept the person as he finds him" and the person injured by the tort feasor is entitled to recover all damages proximately caused by the acts of the tort feasor. The scope of this rule is well stated in two cases from other jurisdictions.

*Potts v. Howser*, 274 N.C. 49, 161 S.E.2d 737 (N.C., 1968), at page 742, states:

Even so, when his injuries are aggravated or activated by a pre-existing physical or mental condition, defendant is liable only to the extent that his wrongful act proximately and naturally aggravated or activated plaintiff's condition. "The defendant is not liable for damages * * * attributable solely to the original condition." 22 Am.Jur.2d, Damages § 124. Plaintiff is confined to those damages due to its enhancement or aggravation.

In *Schore v. Mueller*, 290 Minn. 186, 186 N.W.2d 699 (1971), at page 701, the court stated:

[A] person who has a preexisting disability is entitled to recover damages for an

aggravation of that condition even though the particular consequences would not have followed absent his prior disability, recovery being limited, however, to the additional injury over and above the consequences which normally would have followed from the preexisting condition absent defendant's negligence.

In this connection, *see* Prosser, *Torts* 4th Ed., § 43, p. 262, and 22 Am.Jur.2d, *Damages*, §§ 122, 123 & 124. Reported Tennessee cases are in accord with this view.

In *Railroad v. Northington*, 91 Tenn. 56, 17 S.W. 880 (1891), plaintiff's husband died approximately a month after receiving an injury resulting from the decedent having been thrown against a lever of a handcart when it suddenly stopped. There was evidence to sustain the theory that his death was the direct result of the injury and other evidence tending to show that he died of tuberculosis. The court instructed the jury:

[I]f deceased already had a fatal disease, from which there was no hope of recovery, and his death was inevitable from that disease in a short time, and the injury was slight and of such a character as to simply aggravate the disease,[2] and he died of the disease and not of the injury, then plaintiff cannot recover at all . . . . . [B]ut if the death was hastened or occurred sooner by reason of the injury than it otherwise would, then the injury was the cause of the death. p. 60, 17 S.W. p. 881.

The Supreme Court found no error in the charge and stated:

A man might be suffering from an incurable disease, or a mortal wound, with only two days to live when a negligent wrong-doer inflicted upon him an injury which in his condition of debility took his life or developed agencies which destroyed him in one day, and yet the latter wrong be in a legal sense the cause of his death, though it only hastened that which on the next day would have inevitably happened. p. 62, 17 S.W. p. 882.

It is evident from the Court's comments that an injury can be the legal cause of death where it hastens the inevitable by so much as a day; however, the Court noted in its approval of the jury instructions that they were qualified by the trial court upon the facts of the case:

That qualification . . . removed . . . all danger that this case will be authority or treated as authority for holding that any slight aggravation of a disease is a ["]cause of death within the meaning of the statute.["] *The Circuit Judge had already charged upon the propriety of reducing damages according to the expectation of life* and had justly exercised his judgment and discretion in requiring a remission . . . . [Emphasis supplied.] p. 63, 17 S.W. p. 882.

*Northington* recognizes that a tort feasor must accept an injured person as he finds him; it also recognizes that although a tort feasor may be liable for one's death resulting from injuries that aggravate a pre-existing condition, the measure of damages for the wrongful death cannot be assessed without appropriate consideration given to the pre-existing condition and its probable effect on the injured person.

The leading case in Tennessee on the issue is *Elrod v. Town of Franklin*, 140 Tenn. 228, 204 S.W. 298 (1917). In that case, plaintiff was injured as a result of a fall, allegedly caused by a defective sidewalk. Plaintiff had apparently suffered previous injuries unknown to her from childbirth, which were aggravated in the fall. In defining plaintiff's measure of damages, the trial court stated in its charge:

And you further find that said fall, concurring with said previous injuries from childbirth, proximately caused other and additional injuries to plaintiff which would not have resulted at that time but for said fall, then, in that event, you should find damages for the plaintiff in such sum as in your judgment will compensate her for the injuries thus proxi-

---

**2.** At the time of this cause, no cause of action for personal injuries survived the death of the

injured person. *Stewart v. Crook Sanitorium*, 17 Tenn.App. 589, 69 S.W.2d 259 (1933).

mately resulting from said fall . . . . pp. 239–240, 204 S.W. p. 301.

The Court of Appeals held the charge to be erroneous, stating that it believed the following to be the correct measure of damages under the facts:

> If you further find that said fall proximately caused other and additional injuries to plaintiff, which would not have resulted at the time but for said fall, then she would be entitled to recover damages for such other and additional injuries. Id., at p. 240, 204 S.W., at p. 301.

The Supreme Court reversed the Court of Appeals, stating:

> The holding of the court of civil appeals would limit the recovery which plaintiff was entitled to have to the results of the actual injuries sustained without regard to her condition at the time of the fall. . . . The defendant is responsible for all ill effects which naturally and necessarily follow the injury in the condition of health in which the plaintiff was at the time of the fall, and it is no defense that the injury might have been aggravated and rendered more difficult to cure by reason of plaintiff's state of health at that time, or that by reason of latent disease the injuries were rendered more serious to her than they would have been to a person in robust health. If the afflictions which plaintiff had before the fall did not cause her pain and suffering, as she says they did not, but after the fall they did cause pain and suffering, the fall is the proximate cause of the injuries sustained. The defendant is not entitled to receive a reduction of the damages which plaintiff suffered on account of such infirmities. At pp. 240–241, 204 S.W.2d at p. 301.

*Elrod*, like *Northington*, recognizes that a tort feasor must accept the injured person as he finds him and that the tort feasor is liable for all injuries proximately caused to plaintiff; however, neither holds that any increase in disability resulting from the injuries inflicted by a tort feasor renders him liable for all disability existing subsequent to the injury. The controlling statement in *Elrod* is that the tort feasor is liable for "the physical injury, the bodily harm, which is actually caused by the violence, whether one be weak or strong, healthy or sick, [which] is *the natural consequences* of the wrong." [Emphasis supplied.] In the case *sub judice* the pre-existing disability of 20 per cent as rated by the physician cannot be said to be a "natural consequence" of the subsequent injury.

Other reported cases of this Court include *Meeks v. Yancey*, 43 Tenn.App. 667, 311 S.W.2d 329 (1957), cited with approval in *Holt v. McCann*, 58 Tenn.App. 248, 429 S.W.2d 441 (1968), which involved a plaintiff who sustained injuries which aggravated a pre-existing, arthritic, degenerative disc condition. The trial court had charged the jury as follows: .

> Now gentlemen, the Court further charges you that at a time a person is negligently injured, he or she is suffering from a pre-existing disease or ailment and the injury negligently inflicted upon said person aggravates or causes the pre-existing injury or disease or ailment to become worse, then he or she would be entitled to recover for the extent or amount that said injury aggravated or caused the pre-existing injury, disease or ailment to become worse. In other words, the law compensates for the extent an old injury or diseased condition was aggravated or rendered worse by said injury negligently inflicted.
>
> The law does not permit a person to recover damages for any disabilities he or she had as a result of disease or ailment existing at the time he or she was negligently injured.

After citing *Elrod* at length, this Court ruled the charge to be erroneous, stating that under the charge, as given, the jury would have been required to compensate plaintiff's injury on the basis of the aggravation of the pre-existing condition rather than on the basis of the plaintiff's actual, proximate injury sustained as a result of defendant's negligence. Thus, *Meeks* holds that one injured as a result of a defendant's negligence may recover damages on the ba-

sis of the plaintiff's actual, proximate injury sustained.

Finally, in *Wilson v. Cook Manufacturing Co.*, 56 Tenn.App. 129, 405 S.W.2d 584 (1966), plaintiff had a 10 to 15 per cent permanent, partial disability as a result of surgery performed several years prior to the injury inflicted by defendants and from 25 to 30 per cent permanent, partial disability as a result of the combination of the earlier surgery and surgery performed subsequent to the injury inflicted by defendants. However, the pre-existing disability had not prevented plaintiff from working or reduced his earning capacity but his earning capacity was reduced to a determinable extent by the injury inflicted by defendants. The Court held that, under those circumstances, the defendants "would be liable in damages for the total loss of earning capacity resulting from their negligent act." 405 S.W.2d at 588–9. Such result is correct, since the defendants' negligent act is a proximate cause of the total reduction of plaintiff's earning capacity, and plaintiff is entitled to recover for all ill effects which naturally and necessarily follow the injury in the condition of health in which plaintiff was at the time of the accident. The rationale being if plaintiff's pre-existing affliction did not cause him pain and suffering or disability prior to the accident, the accident would be the proximate cause of such pain and suffering and disability and plaintiff would be entitled to recover for all the ill effects which naturally and necessarily followed the injury, albeit the injury was activated and rendered more difficult to cure by the pre-affliction.

The instructions given in this case, based upon *Foster*, were erroneous and we reverse and remand for a new trial and, on the basis of the record, we commend to the trial judge the charge in *Tennessee Pattern Jury Instructions*, § 14.08, Tennessee Practice, vol. 8, p. 347.[3]

Costs incident to the appeal are assessed against plaintiff-appellee.

SANDERS and GODDARD, JJ., concur.

---

**3.** T.P.I.—Civil 14.08—*Aggravation of pre-existing injury or condition.*

A person who has a condition or disability at the time of an injury is not entitled to recover damages therefor. However, he is entitled to recover damages for any aggravation of such pre-existing condition or disability proximately resulting from the injury.

This is true even if the person's condition or disability made him more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person would not have suffered any substantial injury.

Where a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury or harm caused by the aggravation. However, if the pre-existing condition caused no harm or disability before the accident, the defendant is responsible for all the harm or disability caused by the accident even though it is greater because of the pre-existing condition than it might otherwise have been.