Willard F. CLAPPER, Appellant,

v.

BUDGET OIL COMPANY, a/d/b/a Budget Mart, et al., Respondents.

No. C8-88-2175.

Court of Appeals of Minnesota.

March 28, 1989.

Review Denied June 9, 1989.

Michael J. Minenko, Johnson and Madigan, Minneapolis, for Willard F. Clapper.

Kenneth R. White, Farrish, Johnson & Maschka, Union Square Business Center, Mankato, Eric J. Mattison, Nelson, Casey, Tripp & Dow, Owatonna, for Budget Oil Co.

Heard, considered and decided by PARKER, P.J., SCHUMACHER and SCHULTZ,* JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

Appellant Willard Clapper brought a wrongful termination suit against respondents, his former employers. Based on the final decision of the Commissioner of Jobs and Training that appellant had resigned his position, respondents moved for summary judgment, which was granted. On the stipulation of the parties, the trial court amended its order for summary judgment, stating there was no just reason to delay entry of final partial judgment and directing entry of final partial judgment in accordance with Minn.R.Civ.P. 54.02. Clapper appealed.

Following oral arguments in this case, counsel for respondents notified this court that appellant had filed for bankruptcy. The trustee of the bankruptcy estate settled appellant's claim against respondents; this settlement was approved by the bankruptcy court. Respondents then moved for dismissal of this appeal.

Upon being notified of the settlement, appellant's counsel on this appeal, Michael Minenko, moved to have it set aside, contending he had received no notice of the proposed settlement although he was an interested party. Minenko also informed this court of his motion to set aside the settlement, and resolution of respondents' motion to dismiss was stayed pending the outcome of the motion to set aside the settlement.

The bankruptcy court granted the motion to set aside the settlement; consequently, respondents' motion to dismiss the appeal was denied. We now reverse and remand.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

Appellant was employed by respondents since March 1, 1977, as a manager of one of respondents' convenience stores in St. Peter, Minnesota. Appellant's employment with respondents ceased on August 3, 1986. At that time, he was 53 years old.

The parties dispute the circumstances of the severing of appellant's employment. The facts leading up to his severance are not in dispute. On July 1, 1986, Budget Oil underwent significant changes in management and ownership. Appellant was informed of these changes several weeks earlier. On June 30, 1986, appellant met his new supervisor, Ron Kraus. At that meeting, appellant alleges Kraus told him his wages were being reduced and his hours were being increased.

Based on his meeting with Kraus, on July 2, 1986, appellant met with Gerald Deetz, the president of Budget Oil, to discuss those changes. Later that day, appellant spoke with Deetz by telephone. Appellant states he told Deetz he was "thinking of resigning." Deetz testified appellant did, in fact, resign. At a meeting that afternoon of Deetz, Kraus and appellant, the subject was not discussed.

On July 8, 1986, appellant injured his back while at work. The next day, appellant alleges, Kraus came to his house and told him he was too old for the job. Kraus denies making this statement. Appellant never returned to work for Budget Oil.

In March 1987, appellant filed suit in Nicollet County District Court, alleging age discrimination, workers' compensation discrimination, violation of Minn.Stat. § 181.13 (1986), wrongful discharge, intentional infliction of emotional distress, and defamation. Pursuant to a stipulation of the parties, appellant's claim for workers' compensation discrimination was dismissed.

In May 1987, appellant applied for unemployment compensation from the Minnesota Department of Jobs and Training (MDJT). A claims deputy awarded appellant benefits, concluding that he had been involuntarily discharged from his job. Respondents appealed, claiming that appellant had quit without good cause attributable to the employer. A hearing was held before a department referee on September 30, 1987. Both parties were represented by counsel. The referee heard testimony, either live or by deposition, from all parties who were present at the time appellant had ceased his employment with respondents. The only issue was whether appellant had voluntarily resigned or been fired. The referee determined that appellant had voluntarily discontinued his employment without good cause attributable to the employer, and appellant was disqualified for unemployment compensation benefits. This decision was appealed to the Commissioner's representative, who affirmed the referee. Clapper did not seek review in this court of the department's administrative decision.

In May 1988, respondents brought a motion for summary judgment dismissing all of appellant's complaint except the defamation claim. Respondents argued that, absent a finding of involuntary termination, appellant could not establish his claims of age discrimination, breach of contract, or wrongful termination. Therefore, respondents argued, MDJT's finding that appellant voluntarily quit his employment with respondents should be given collateral estoppel effect.

The trial court gave collateral estoppel effect to the department's determination that appellant had voluntarily quit his job and granted summary judgment in favor of respondents, dismissing all of appellant's claims except for that portion of the age discrimination claim based on Minn.Stat. § 363.03, subd. 1(2)(c) and the defamation claim. The trial court, in its memorandum, determined that the proceedings before the MDJT "gave plaintiff a full and fair opportunity to litigate the issues determinative of his right to unemployment compensation as claimed, including whether his employment by defendant Budget had been terminated without just cause (as plaintiff claimed and claims) or by plaintiff's voluntary resignation (as defendant Budget claimed and claims)." The court also found that "[t]he nature of the termination of plaintiff's employment by defendant Budget on or about August 1, 1986, litigated in

the administrative proceedings before MDJT, was the same as the issue as to the character of that termination involved in this action." Pursuant to stipulation by the parties, the trial court later amended its order for summary judgment to state there was no just reason for delay and directing final partial judgment in accordance with Minn.R.Civ.P. 54.02.

## ISSUES

1. Did the trial court err in according collateral estoppel effect to the determination by the Department of Jobs and Training that appellant had voluntarily quit his job without good cause attributable to the employer?

2. Should this court uphold the trial court's dismissal of appellant's breach of contract and wrongful termination claims on alternate grounds?

## ANALYSIS

1. In reviewing a grant of summary judgment, the function of this court is to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). In this case, there are no disputed issues of fact; the only issue is whether the trial court erred in its application of the law.

Collateral estoppel bars the relitigation of issues which are both identical to those issues already litigated by the parties in a prior action and necessary and essential to the resulting judgment. It is the "issue preclusion" branch of the doctrine of res judicata. *Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608, 613 (Minn.1988). Application of the doctrine is appropriate where:

(1) [T]he issue was identical to one in a prior adjudication;

(2) [T]here was a final judgment on the merits;

(3) [T]he estopped party was a party or in privity with a party to the prior adjudication; and

(4) [T]he estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982) (quoting *Victory Highway Village, Inc. v. Weaver*, 480 F.Supp. 71, 74 (D.Minn.1979)). Neither collateral estoppel nor res judicata is rigidly applied. *Johnson*, 420 N.W.2d at 613. As a flexible doctrine, the focus is on whether its application would work an injustice on the party against whom estoppel is urged. *Id.* at 613–14.

■ Appellant contends the first and fourth requirements of collateral estoppel have not been met in this case. As to the first, appellant contends the Department of Jobs and Training has no authority to determine claims of age discrimination, breach of contract or wrongful discharge. Respondent, on the other hand, contends that, because the sole issue before the department was whether appellant voluntarily resigned without cause or was fired, its determination on this issue should be given collateral estoppel effect.

Whether to give collateral estoppel effect to an administrative determination is an issue of first impression in Minnesota. Other states, however, have considered the issue. In *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind. 1988), a truck driver was fired for refusing to take a load through Illinois because the load exceeded the weight limit for Illinois highways. An unemployment compensation claims deputy determined the firing was not for just cause. In a subsequent suit for wrongful termination, the Indiana Supreme Court rejected application of collateral estoppel, noting that the relative informality of the procedures used in the administrative proceedings at issue did not meet state standards. *Id.* at 395. Indiana does not accord collateral estoppel effect to agency decisions when the issues to be determined in the subsequent suit are not within the statutory jurisdiction of the agency. *Cox v. Indiana Subcontractors Association, Inc.*, 441 N.E.2d 222, 226 (Ind. Ct.App.1982) (breach of contract claim).

As appellant points out, the function of the MDJT is to assist those who are involuntarily unemployed through no fault of their own. *Group Health Plan, Inc. v. Lopez*, 341 N.W.2d 294 (Minn.Ct.App.1983). The purpose of the Minnesota Human Rights Act, on the other hand, is to place individuals discriminated against in the same position they would have been in had no discrimination occurred. *Brotherhood of Railway Clerks v. State by Balfour*, 303 Minn. 178, 195, 229 N.W.2d 3, 13 (1975). We agree with appellant that the issues raised in his lawsuit in district court were not within the statutory jurisdiction of the MDJT. Thus, the identity of issues required for application of collateral estoppel is not present.

Appellant's second contention is that he did not have a full and fair opportunity to be heard on the issue of whether he resigned or was fired. Respondents, however, contend that appellant had an adequate opportunity to be heard. Respondents argue that, because appellant in this case had an adequate opportunity to present his case, this requirement is met. Future determinations of whether a party in an unemployment compensation case has had a full and fair opportunity to be heard would be decided on a case-by-case basis under respondents' theory. Appellant, on the other hand, contends that decisions of the Department of Jobs and Training should either always be given collateral estoppel effect or should never be given collateral estoppel effect.

Because any rule the court announces in this case will be applied in the future, we reject respondents' case-by-case approach. Whether appellant received a full and fair opportunity to be heard in this particular case should not be determinative of the collateral estoppel effect to be given decisions of administrative agencies.

What constitutes a full and fair opportunity to be heard has been litigated in other states. New York, for example, accords collateral estoppel effect to its state unemployment compensation agency's decisions if the agency's procedures are substantially similar to those used in a court of law.

*Ryan v. New York Telephone Co.*, 62 N.Y. 2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). Under New York's labor code, however, an unappealed determination of an administrative law judge becomes final on all questions of fact and law. *Bernstein v. Birch Wathen School*, 71 A.D.2d 129 421 N.Y.S.2d 574 (1979). Minnesota's unemployment compensation statutes lack such a provision. We must therefore examine the nature of a proceeding before MDJT.

Hearings before a department referee are informal in nature. The appeal tribunal is not bound by common law or statutory rules of evidence and procedure. Minn.R. 3310.2900. Hearsay is admissible and may be sufficient to support the department's decision. *Vang v. A–1 Maintenance Service*, 376 N.W.2d 479, 482 (Minn. Ct.App.1985). Representation of a claimant by an attorney, although permitted, is subject to the oversight of the department. Minn.Stat. § 268.10, subd. 9 (1988). There is no provision for juries. The emphasis at the hearing is on the speedy resolution of a claim. We conclude that the nature of such a hearing does not constitute a full and fair opportunity to be heard for purposes of applying collateral estoppel to the resulting determination.

A third reason for not giving collateral estoppel effect to the determinations of the Department of Jobs and Training is Minn. Stat. § 268.12, subd. 12 (1988). That section reads:

> Except as hereinafter otherwise provided, data gathered from any employing unit, employer or individual pursuant to the administration of sections 268.03 to 268.24, and from any determination as to the benefit rights of any individual are private data on individuals or nonpublic data as defined in section 13.02, subdivisions 9 and 12 and may not be disclosed except pursuant to this subdivision or a valid court order.

After listing the state, federal and local agencies which may be given the data, the statute concludes:

> Data gathered by the department pursuant to the administration of sections 268.-

03 to 268.24 shall not be made the subject or the basis for any suit in any civil proceedings, administrative or judicial, unless the action is initiated by the department.

Information gathered under sections 268.03 to 268.24 is confidential. Op.Atty.Gen. 885D–1 (Jan. 27, 1965). The confidential nature of this information would prohibit the issuance of subpoenas to employees of MDJT ordering the department to have a representative appear before a referee in a workers' compensation proceeding. *Id.*

States with similar statutes have held that the purpose of such a law is to maintain the confidentiality of the department's records. *See Andrews v. Cacchio,* 264 A.D. 791, 35 N.Y.S.2d 259 (1942); *Folden v. Robinson,* 58 Wash.2d 760, 364 P.2d 924 (1961). We conclude this statute was intended to limit the use of information gathered in an unemployment compensation proceeding to the administrative sphere.

In summary, there are three reasons for not giving collateral estoppel effect to the agency decision in this case: (1) the issue in the agency decision was not identical to the issue in the district court lawsuit; (2) appellant did not have a full and fair opportunity to be heard; and (3) release of the information is barred by Minn.Stat. § 268.12, subd. 12. We therefore reverse the trial court and remand for trial.

■ 2. Respondents argued in the trial court that appellant's claims for breach of contract and wrongful termination should be dismissed on grounds other than collateral estoppel. They now argue that if this court concludes the trial court erred in according collateral estoppel effect to the decision of the department, the trial court should still be affirmed because appellant was an at-will employee and Minnesota does not recognize a cause of action for wrongful discharge.

The function of this court is to correct errors. Minn.Ct.App. Internal R., Introduction. An appellate court must limit its review to matters that the record shows were presented to and considered by the trial court in reaching its decision. *Thiele v. Stich,* 425 N.W.2d 580 (Minn.1988);

*Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982). The trial court did not rule on respondents' contentions. This court will not do so.

### DECISION

The trial court erred in according collateral estoppel effect to the determination of the MDJT that appellant voluntarily resigned his employment with respondents. We will not decide issues not decided by the trial court.

Reversed.